IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR L. CORREIA<br><br>Plaintiff,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

05 - 11467 RCL

C.A. RECEIPT # 65548
AMOUNT $ 250.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 7/12/05

MAGISTRATE JUDGE RBC

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. G.L. ch. 140D §§1-34, and 209 C.M.R. part 32.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 ( general jurisdiction),1332 ( diversity jurisdiction) and 1337 ( interstate commerce) and 1367 ( supplemental jurisdiction). Diversity jurisdiction is applicable as the Plaintiff is resident of Massachusetts and seeks to enforce his previous rescission of the mortgage held by Defendant.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28

1

U.S.C. § 1391( c).

## PARTIES

4. Plaintiff Victor L. Correia resides at 1012 Warren Ave. Apt. 2, Brockton, MA 02301.

5. Defendant Ameriquest Mortgage Company is a National corporation with its principle place of business at 1100 Town and Country Road, Orange, CA 92868.

6. New Century Mortgage Corporation enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

7. New Century Mortgage Corporation is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

8. New Century Mortgage Corporation is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## FACTS

9. On or about March 12, 2003 Plaintiff obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiff Victor L. Correia received or signed the following documents:

    1. A note in the principal amount of $143,000;

    2. A mortgage;

3. A Truth in Lending statement;

4. A notice of right to cancel, attached as Exhibit A; and

5. A HUD-1 Settlement Statement.

11. Because the transaction was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23. Section 226.23 provides:

> **(a) Consumer's right to rescind.**
>
> **(1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.[fn]47**
>
> **(2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.**
>
> **(3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures,[fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]**
>
> **(4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.**
>
> **(b) Notice of right to rescind. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer**

> entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:
>
>> (1) The retention or acquisition of a security interest in the consumer's principal dwelling.
>>
>> (2) The consumer's right to rescind the transaction.
>>
>> (3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
>>
>> (4) The effects of rescission, as described in paragraph (d) of this section.
>>
>> (5) The date the rescission period expires. . . .
>
> (f) <u>Exempt transactions.</u> The right to rescind does not apply to the following:
>
>> (1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].
>>
>> (2) A credit plan in which a state agency is a creditor.

12. The copies of the notice of right to cancel actually delivered to Plaintiff were defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

13. On or about June 13, 2005 the Plaintiff exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit B</u>.

14. In a letter dated June 30, 2005, attached as <u>Exhibit C</u>, Ameriquest denied the Plaintiff's request to rescind the mortgage.

## COUNT I - TRUTH IN LENDING ACT

15. Plaintiff incorporates ¶¶ 1-14 as if fully set out herein.

16. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give Plaintiff clear and conspicuous notice of his right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23 and the Massachusetts's counterparts.

17. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission . Mass .G.L. ch. 140D § 10(g) is identical except for citation.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant Ameriquest as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
BBO# 629056

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Christopher M. Lefebvre

# Exhibit A

## NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: March 12, 2003
LOAN NO.: 0043384163 - 5782
TYPE: FIXED RATE

BORROWER(S): Victor L Correia

ADDRESS: 1012 Warren Ave
CITY/STATE/ZIP: BROCKTON, MA 02301

PROPERTY: 1012 Warren Ave
BROCKTON, MA 02301

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is [ENTER DOCUMENT SIGNING DATE] ; or

2. The date you received your Truth in Lending disclosures; or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

### HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1100 Town and Country Road, Suite 200
Orange, CA 92868

ATTN: FUNDING
PHONE: (714)541-9960
FAX: (714)245-0857

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of [ENTER FINAL DATE TO CANCEL]

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____     _____
SIGNATURE                        DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

BORROWER/OWNER Victor L Correia      Date      BORROWER/OWNER      Date

BORROWER/OWNER                       Date      BORROWER/OWNER      Date

1064-NRC (Rev 6/99)          **LENDER COPY**          03/12/2003 11:24:32 AM

# Exhibit B



FROM THE OFFICE OF THE
**FAMILY AND CONSUMER LAW CENTER**

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

June 13, 2005

**CERTIFIED MAIL-RETURN RECEIPT REQUESTED**

Ameriquest Mortgage Company
1100 Town and Country Road
Suite 200
Orange, CA 92868

Re:   **Notice of Rescission by Victor L. Correia, 1012 Warren Ave., Brockton, MA 02301 Loan Number: 0043384163, Closing Date 03-12-2003.**

To Whom It May Concern:

    I represent Victor L. Correia concerning the mortgage loan transaction he entered into with Ameriquest Mortgage Corporation on March 12, 2003. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23 and the Massachusetts counterparts.

    The primary basis for the rescission is that Mr. Correia was given incomplete and therefore inaccurate notices of his right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

    The security interest held by Ameriquest Mortgage Corporation on the Correia's property located at 1012 Warren Ave., Brockton, MA is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Victor L. Correia,
By his Attorney,

Christopher M. Lefebvre

cc: Victor L. Correia

TWO DEXTER STREET, P.O. BOX 479  PAWTUCKET, RI 02862  PHONE: (401) 728-6060  FAX: (401) 728-6534

# Exhibit C



# AMERIQUEST MORTGAGE COMPANY

Via Facsimile to (401) 728-6534 and Certified Mail
June 30, 2005

Christopher M. Lefebvre
Family and Consumer Law
Two Dexter Street
Pawtucket, RI 02862

   RE: *Victor L. Correia, 1012 Warren Avenue, Brockton, MA 02301;*
      *Ameriquest Mortgage Company Loan No. 0043384163*

Dear Mr. Lefebvre,

  This letter responds to your correspondence dated June 16, 2005, received in our offices on June 16, 2005, wherein your client attempts to rescind the above-referenced loan transaction. Your client is asserting this right by making vague allegations that he allegedly "was given incomplete and therefore inaccurate notices of his right to cancel the . . . consumer contract . . . in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23."

  In transactions subject to rescission, Regulation Z sets forth notice of right to rescind document requirements under §226.23(b)(1)(i)-(v), which include, "[T]he consumer's right to rescind . . . [H]ow to exercise the right to rescind, [and] [T]he date the rescission period expires." 15 U.S.C. §1635(a) sets forth the right the obligor has to rescind a transaction subject to the statute as, "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms . . . whichever is later . . . ."

  Contrary to your client's assertion, the federally approved *Notice of Right to Cancel* ("Notice") was signed by Victor L. Correia when he executed his loan documents on March 12, 2003. Mr. Correia acknowledged receipt of two copies of the completed notice, which includes the transaction date and last date to cancel information.

  In light of the above, we must respectfully refuse Mr. Correia's assertion of rescission at this late date.

            Yours truly,

            Carol Melber
            Litigation Support Manager

Copy: Del Dillingham, Esquire (w/o attachments) fl/

1100 Town & Country Road, Suite 450, Orange, CA 92868 • Phone (714) 541-9960 • Fax (714) 245-0397



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Victor L. Correia  v.  Ameriquest Mortgage Company__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

    ☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.             for patent, trademark or copyright cases

    ☑   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐   V.    150, 152, 153.

    **05 - 11467 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
    YES ☐    NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐    NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐    NO ☑

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☑    Central Division ☐    Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christopher M. Lefebvre, Esq.__
ADDRESS __Two Dexter Street, PO Box 479, Pawtucket, RI 02862__
TELEPHONE NO. __401-728-6060__

(CategoryForm.wpd - 5/2/05)

JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Victor L. Correia

## DEFENDANTS
Ameriquest Mortgage Company

(b) County of Residence of First Listed Plaintiff  
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  
(IN U.S. PLAINTIFF CASES ONLY)  
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  
Christopher M. Lefebvre PC, Two Dexter St., Pawtucket, RI 02862  (401) 728-6060

Attorneys (If Known)  
05-11467 RCL

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ■ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS— Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
To secure redress for defendant's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ unknown

CHECK YES only if demanded in complaint:  
JURY DEMAND:  ■ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  
JUDGE _____  DOCKET NUMBER _____

DATE 7-8-05  
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____