UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR L. CORREIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERIQUEST MORTGAGE COMPANY )<br>)<br>Defendant. )<br>) | CIVIL ACTION NO. 05-11467-RCL |

**ANSWER OF DEFENDANT AMERIQUEST MORTGAGE COMPANY
TO PLAINTIFF'S COMPLAINT**

Defendant Ameriquest Mortgage Company, Inc. ("Ameriquest") by and through its attorneys, Kirkpatrick & Lockhart Nicholson Graham LLP, hereby answers the Complaint brought by plaintiff Victor L. Correia.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

**INTRODUCTION**

1. Paragraph 1 of the Complaint contains plaintiff's characterization of this action to which no responsive pleading is required.

**JURISDICTION AND VENUE**

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest admits that the Court has subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest admits that venue is proper in this District.

**PARTIES**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town and Country Road, Orange, CA 92868 and denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

**FACTS**

9. Ameriquest admits that on or about March 12, 2003, plaintiff became the obligor and mortgagor under a certain note and mortgage on property located at 1012 Warren Ave., Brockton, Massachusetts. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that plaintiff received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $143,000.00, a Mortgage, a Truth-in-Lending Disclosure Statement, two copies of a Notice of Right to Cancel and a HUD-1

Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that plaintiff's mortgage loan was secured by plaintiff's property located at 1012 Warren Ave., Brockton, Massachusetts and that the loan in question was not for purposes of the initial acquisition or construction of that property. The remaining allegations contained in paragraph 11 of the Complaint consist of legal conclusions to which no responsive pleading is required and the statutes and regulations referenced by plaintiff speak for themselves as to their content. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest denies the allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits that it received the document attached as Exhibit B to the Complaint and denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. Ameriquest admits that it sent to plaintiff a copy of the document attached as Exhibit C to the Complaint and that the document speaks for itself as to its contents.

**COUNT I – TRUTH IN LENDING ACT**

15. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 14 above.

16. Ameriquest denies the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Ameriquest states that the statutes referenced by plaintiff speak for themselves as to their content.

## AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

### Second Defense

Plaintiff's claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint.

### Third Defense

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

### Fourth Defense

Plaintiff lacks standing to assert any claims against Ameriquest.

### Fifth Defense

Plaintiff's claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

### Sixth Defense

Plaintiff's claims are barred by the applicable Statute of Frauds and/or the parol evidence rule.

### Seventh Defense

Any damages were the result of acts or omissions on the part of the plaintiff or third parties, the actions of which Ameriquest is not responsible.

**Eighth Defense**

Any claims by plaintiffs under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.*, or the Massachusetts Consumer Credit Cost Disclosure Act, G.L. c. 140D §§ 1, *et seq.*, are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations, or interpretations of the Federal Reserve Board.

**Ninth Defense**

Any claims by plaintiff under the federal Truth in Lending Act, 15 U.S.C. § 1635 *et seq.*, or the Massachusetts Consumer Credit Cost Disclosure Act, Mass. Gen. L. ch. 140D, § 1, *et seq.*, are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures to avoid such error.

**Tenth Defense**

Ameriquest is not liable for any claims by plaintiff because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**Eleventh Defense**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, defendant Ameriquest Mortgage Company, Inc. respectfully requests that the Court:

i. Enter judgment in its favor on all counts of the Complaint;

ii. Dismiss the Complaint with prejudice;

  iii. Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action; and

  iv. Grant such other relief as the Court deems as just and proper.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the defendant/counterclaimant, Ameriquest Mortgage Company, Inc. ("Ameriquest") hereby brings this Counterclaim against plaintiff/defendant-in-counterclaim, Victor L. Correia ("Correia" or "plaintiff"), and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Massachusetts.

2. Upon information and belief, Correia resides in Brockton, Massachusetts.

3. On or about March 12, 2003, Correia obtained a residential mortgage loan from Ameriquest in connection with property located at 1012 Warren Avenue, Brockton, Massachusetts.

4. On or about June 13, 2005, Correia sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23 and Mass. Gen. L. ch. 140D. See letter from Correia's counsel dated June 13, 2005 attached hereto as Exhibit A.

5. On or about July 11, 2005, Correia filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which plaintiff's rescission period expired in connection with the subject loan.

      6.      Ameriquest has provided Correia with all required disclosures with respect to the subject loan, and Correia is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z, § 226.23 or Mass. Gen. L. ch. 140D.

### COUNT I - DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201

      7.      Ameriquest repeats and realleges the allegations set forth in paragraphs 1 through 6 above.

      8.      By virtue of Correia's letter of June 13, 2005, an actual controversy has arisen and exists between Ameriquest and Correia regarding whether he has a right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23 and Mass. Gen. L. ch. 140D.

      9.      Correia alleges that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 and Mass. Gen. L. ch. 140D by failing to adequately disclose the date by which plaintiff's right to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

      10.      Ameriquest has provided Correia with all required disclosures with respect to the subject loan, and Correia has no basis for rescission of the loan.

      11.      Ameriquest hereby seeks a declaration of the rights, duties, and liabilities of the parties with respect to Correia's letter of rescission of his loan, including, without limitation, a declaration that Correia is not entitled to rescind the subject loan.

### RELIEF REQUESTED

WHEREFORE, defendant/counterclaimant Ameriquest respectfully requests that the Court:

      A.      Enter a declaration that Correia is not entitled to rescind his mortgage loan with Ameriquest and that alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B.	Award such additional relief as the Court may deem just and proper.

    Respectfully submitted,

    AMERIQUEST MORTGAGE COMPANY, INC.

    By its attorneys,

    */s/ R. Bruce Allensworth*
    R. Bruce Allensworth (BBO #015820)
    (ballensworth@klng.com)
    Phoebe S. Winder (BBO #567103)
    (pwinder@klng.com)
    Ryan M. Tosi (BBO #661080)
    (rtosi@klng.com)
    KIRKPATRICK & LOCKHART
    NICHOLSON GRAHAM LLP
    75 State Street
    Boston, MA 02109
    (617) 261-3100

Dated: August 8, 2005

- 9 -

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2005, I served a true copy of the foregoing document by electronic filing upon the following:

Christopher M. Lefebvre
CLAUDE LEFEBVRE,
CHRISTOPHER LEFEBVRE P.C.
P.O. Box 479
Pawtucket, RI 02862

                                          */s/ R. Bruce Allensworth*
                                          R. Bruce Allensworth

# Exhibit A

FAMILY AND CONSUMER LAW CENTER

WWW.RICONSUMERLAW.COM

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

ATTORNEYS & COUNSELORS AT LAW

June 13, 2005

CERTIFIED MAIL-RETURN RECEIPT REQUESTED

Ameriquest Mortgage Company
1100 Town and Country Road
Suite 200
Orange, CA 92868

Re:   Notice of Rescission by Victor L. Correia, 1012 Warren Ave., Brockton, MA
      02301 Loan Number: 0043384163, Closing Date 03-12-2003.

To Whom It May Concern:

I represent Victor L. Correia concerning the mortgage loan transaction he entered into with Ameriquest Mortgage Corporation on March 12, 2003. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23 and the Massachusetts counterparts.

The primary basis for the rescission is that Mr. Correia was given incomplete and therefore inaccurate notices of his right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Ameriquest Mortgage Corporation on the Correia's property located at 1012 Warren Ave., Brockton, MA is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Victor L. Correia,
By his Attorney,

Christopher M. Lefebvre

cc: Victor L. Correia

TWO DEXTER STREET  P.O. BOX 479   PAWTUCKET, RI 02862    PHONE (401) 728-6060   FAX (401) 728-6534